UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION |
| | | NO. 3:02 CV 1234 (DJS) |
| V. | : | |
| AROLD MICHEL, ET AL | : | OCTOBER 16, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

**I.    INTRODUCTION**

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, the counterclaim defendant, James Shaw, moves for an order compelling the counterclaim plaintiff, Guy Blais, to recognize and adhere to his continuing duty to disclose by providing responses to Interrogatories No. 20 and 21 as set forth in the counterclaim defendant's January 22, 2003 Interrogatories and Requests for Production[1] (the "Discovery Requests"). A true and accurate copy of the Discovery Requests are attached hereto as Exhibit A.

Although the counterclaim plaintiff's responses to the Discovery Requests were due February 22, 2003, nothing was provided until March 13, 2003.[2] On that date, the

---

[1]   It bears noting that the exact same interrogatories and production requests were initially served on the counterclaim plaintiff on November 26, 2002. The counterclaim plaintiff did not provide compliance, however. In view of represented difficulties in obtaining compliance, the undersigned re-served them on January 22, 2003 instead of pursuing a motion to compel at that time.

[2]   The statement in the undersigned's September 18, 2003 Objection to Motion to file disclosure of experts *nun pro tunc* that responses in some form were provided on January 22, 2003 was in error. January 22, 2003 was in fact the date of service

13477.0001.097

One Goodwin Square         HALLORAN         Phone (860) 522-6103
225 Asylum Street          & SAGE LLP       Fax (860) 548-0006
Hartford, CT  06103                         Juris No. 26105

counterclaim plaintiff provided "partial compliance" consisting of unexecuted, unsigned interrogatory responses. Thereafter, some medical records were provided as supplemental compliance on April 1, 2003 and April 21, 2003. Nothing has been provided since that time.[3/]

## II. ARGUMENT

### A. Plaintiff's Failure To Fully Answer, Or Object To, The Counterclaim Defendant's Discovery Requests Is A Violation of the Federal Rules of Civil Procedure.

Rules 33 and 34 of the Federal Rules of Civil Procedure permit any party to serve any other party with Interrogatories and Production Requests. These same Rules require a party upon whom Interrogatories and Production have been served to serve answers or objections within thirty days of service. (See Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34 (b)).

In accordance with these rules, the counterclaim defendant, Mr. Shaw, served the Discovery Requests at issue upon counterclaim plaintiff on January 22, 2003. See also Footnote 1. The counterclaim plaintiff provided unsigned, unexecuted "partial compliance" on March 13, 2003. (Id.). No objections to any interrogatories or production requests were raised. The counterclaim plaintiff therefore has an obligation to provide true and accurate responses to all the inquiries. He has not done so. In

---

3/   The undersigned is presently attempting to secure disclosure of many missing records without court assistance.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

response to Interrogatory Nos. 20 and 21, he answered "no" and "n/a", respectively. That has since changed. In June, 2003, the counterclaim plaint settled his claim against the cross claim defendant, Pierre Loiselle and released Loiselle from this action accordingly. He has not, since that time, supplemented his discovery compliance to reflect this, however, despite our rules which require him to do so.

Accordingly, having already unsuccessfully conferred with the counterclaim plaintiff's counsel in an effort to obtain the discovery sought without judicial intervention, the counterclaim defendant, Mr. Shaw, now moves the Court for an order pursuant to Fed. R. Civ. P. 37(a)(2)(B) compelling the counterclaim plaintiff to respond to Interrogatory Nos. 20 and 21 of the Discovery Requests.

On September 4, 2003, the undersigned inquired as to the amount of settlement and disclosure was refused. On September 24, 2003, the undersigned again inquired as to the amount of settlement in the presence of this court and disclosure was refused. Thereafter, on that same date, the undersigned issued correspondence reiterating her request for this information. This correspondence was not responded to.

The undersigned anticipates that the counterclaim plaintiff will argue that he will not disclose this information because of some sort of "confidentiality agreement" he made with Loiselle regarding settlement. If indeed such an agreement exists and it is determined that there is a need for same in this case, this should not excuse

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

compliance with unobjected discovery requests which were served approximately five (5) months before the settlement was reached.[4/]

It is clear, based upon the foregoing, that the counterclaim plaintiff has an obligation under our rules to provide the information at issue. His refusal to do so constitutes a violation of Federal Rules of Civil Procedure 33 and 34 and should not be allowed.

## IV.  CONCLUSION

Based on the foregoing, counterclaim defendant, Mr. Shaw, respectfully moves this Court for an order compelling the counterclaim plaintiff to immediately respond to Interrogatory Nos. 20 and 21.

---

[4/]   Indeed, the undersigned is not aware of any "confidentiality agreements" relating to Loiselle and Blais's settlement of the first party action. Nonetheless, to the extent there is a good faith basis for one in this instance, the undersigned would certainly agree to sign a protective order documenting an agreement to maintain confidentiality outside the confines of this case.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE COUNTERCLAIM DEFENDANT,
JAMES SHAW

By: /s/ Laura Pascale Zaino
Laura Pascale Zaino of
HALLORAN & SAGE LLP
Fed. Bar #ct 19353
(860) 522-6103

## CERTIFICATION

This is to certify that on this 16th day of October, 2003, I hereby mailed, first class, postage prepaid, a copy of the foregoing to:

For Counterclaim Plaintiff, GUY BLAIS:

Arthur C. Laske, III, Esq.
Law Office of Arthur C. Laske, III
1261 Post Road
Fairfield, CT 06824

For Defendants, PIERRE LOISELLE, ROSE LYNE LECLERC and ROSE LYNE LECLERC d/b/a ROSY EXPRESS, ENR:

Daniel Cotter, Esquire
Cotter, Cotter & Quinn, LLC
457 Castle Avenue
Fairfield, CT 06825

For Defendants, AROLD MICHEL and MARIE RICHEMOND:

Rosemarie T. Weber, Esq.
Morrison, Mahoney & Miller
One Constitution Plaza, 10th Floor
Hartford, CT 06103

/s/ Laura Pascale Zaino
Laura Pascale Zaino
473856.1(HS-FP)

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105