UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES SHAW                 :        CIVIL ACTION
                                    NO. 3:02 CV 1234 (DJS)

V.                         :

AROLD MICHEL, ET AL        :        OCTOBER 16, 2003

### AFFIDAVIT OF LAURA PASCALE ZAINO

STATE OF CONNECTICUT   )
                       )        ss. Hartford
COUNTY OF HARTFORD     )

**LAURA PASCALE ZAINO**, being duly sworn and upon personal knowledge deposes and states as follows:

1.      I am over eighteen years of age and believe in the obligations of an oath.  I am an associate at the law firm of Halloran & Sage LLP, counsel for James Shaw in his capacity as counterclaim defendant the above-captioned action.

2.      Pursuant to Local Rule 9(d)(2) and Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, I submit this affidavit in support of Mr. Shaw's motion to compel.  In sum, Mr. Shaw seeks full and proper answers to Interrogatory Nos. 20 and 21 as directed to the counterclaim plaintiff, Guy Blais.

13477.0001.097

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3.    On January 22, 2003, Mr. Shaw's second set of interrogatories and document production requests were served upon the counterclaim plaintiff's attorney. Copies of those interrogatories and document requests are attached hereto as Exhibits A and B, respectively.

4.    On March 13, 2003, I received the counterclaim plaintiff's unsigned, unexecuted "partial compliance" with this discovery. A copy of the plaintiff's "partial compliance" is attached hereto as Exhibit C.

5.    Pursuant to Local Rule 9(d)(2) and Rule 37(a)(2) and in a good faith effort to resolve the discovery dispute, I faxed the counterclaim plaintiff's counsel a one-page correspondence on September 24, 2003 ("9/24/03 Letter"). A copy of the 9/24/03 Letter including the fax confirmation sheet is attached hereto as Exhibit E.

6.    To date, I have not received a response to this correspondence from the plaintiff's counsel.

Laura Pascale Zaino

Subscribed and sworn to before me
this 16th day of October, 2003

Commissioner of the Superior Court

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV 1234 (DJS) |
| | : | |
| VS. | : | |
| | : | |
| AROLD MICHEL, | : | |
| MARIE RICHEMOND, | : | |
| PIERRE LOISELLE, | : | |
| ROSE LYNE LECLERC and | : | |
| ROSE LYNE LECLERC dba | : | |
| ROSE EXPRESS, ENR | : | |
| Defendants | : | JANUARY 22, 2003 |

## COUNTERCLAIM DEFENDANT'S INTERROGATORIES TO BE ANSWERED BY COUNTERCLAIM PLAINTIFF

The undersigned, on behalf of the counterclaim defendant, JAMES SHAW, hereby propounds the following interrogatories to be answered by the counterclaim plaintiff, GUY BLAIS, under oath, within thirty (30) days of the filing hereof insofar as the disclosure sought will be of assistance in the defense of this action and can be provided by the counterclaim plaintiff with substantially greater facility than could otherwise be obtained.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1.      Please state the following:

      (a)     your full name and any other names by which you have been known;

      (b)     your date of birth;

      (c)     your motor vehicle operator's license number;

      (d)     your home address;

      (e)     your business address.

2.      Identify and list each injury you claim to have sustained as a result of the incidents alleged in the counterclaim.

3.      As to the injuries you claim to have sustained, please provide the following information:

      (a)     When, where, and from whom did you first receive treatment for said injuries?

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

    (b)    If you were treated at a hospital for injuries sustained in the alleged incident, state the name and location of each hospital and the dates of such treatment and confinement therein.

    (c)    State the name and address of each physician, therapist, or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your counterclaim.

4.    When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident alleged in your counterclaim?

5.    On what date were you fully recovered from the injuries or conditions alleged in your counterclaim?

    (a)    If you claim you are not fully recovered, state precisely from what injuries or conditions you are presently suffering?

6.    Are you presently under the care of any doctor or other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged in your counterclaim?

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(a)    If the answer to Interrogatory #6 is in the affirmative, state the name and address of each physician or other health care provider who is treating you.

7.    Do you claim any present disability resulting from injuries or conditions allegedly sustained as a result of the incident alleged in your counterclaim?

(a)    If so, state the nature of the disability claimed.

8.    Do you claim any permanent disability resulting from said incident?

(a)    If the answer to Interrogatory #8 is in the affirmative, please answer the following:

(1)    list the parts of your body which are disabled;

(2)    list the motions, activities, or use of your body which you have lost or which you are unable to perform;

(3)    state the percentage of loss of use claimed as to each part of your body;

(4)    state the name and address of the person who made the prognosis for permanent disability and the percentage of loss of use; and

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(5)    list the date for each such prognosis.

9.    If you were confined to your home as a result of the injuries or conditions sustained as a result of the incident alleged in your counterclaim, state the dates between which you were so confined.

10.    If you were confined to your bed as a result of the injuries or conditions sustained as a result of the incident alleged in your counterclaim, state the dates between which you were so confined.

11.    List each medical report received by you or your attorney relating to your alleged injuries or conditions by stating the name and address of the treating doctor or other health care provider, and of any doctor or health care person you anticipate calling as a trial witness, who provided each such report and the date thereof.

12.    List each item of expense which you claim to have incurred as a result of the incident alleged in your counterclaim, the amount thereof, and state the name and address of the person or organization to whom each item has been paid or is payable.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

13.   Identify each item of expense, if any, or portion thereof for which you have been reimbursed or which is reimbursable by an insurer, indicating the name of the insurer that made such payment or reimbursement or which is responsible for such reimbursement.

14.   If, during the ten year period prior to the date of the incident alleged in the counterclaim, you were under a doctor's care for any conditions which were in any way similar or related to those identified and listed in your response to Interrogatory #2?  If so, state the nature of said conditions, the dates on which treatment was received, and the name of the doctor or health care provider.

15.   If, during the ten year period prior to the date of the incident alleged in the counterclaim, you were involved in any incident in which you received personal injuries similar or related to those identified and listed in your response to Interrogatory #2, please answer the following with respect to each such earlier incident:

      (a)    on what date and in what manner did you sustain such injuries?

      (b)    did you make a claim against anyone as a result of said accident?

      (c)    if so, provide the name and address of the person or persons against whom a claim was made;

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(d)    if suit was brought, state the name and location of the court, the return date of the suit, and the docket number;

(e)    state the nature of the injuries received in said accident;

(f)    state the name and address of each physician who treated you for said injuries;

(g)    state the dates on which you were so treated;

(h)    state the nature of the treatment received on each such date;

(i)    if you are presently or permanently disabled as a result of said injuries, please state the nature of such disability, the name and address of each physician who diagnosed said disability, and the date of each such diagnosis.

16.    If you were involved in any incident in which you received personal injuries since the date of the incident alleged in the counterclaim, please answer the following:

(a)    on what date and in what manner did you sustain said injuries;

(b)    did you make a claim against anyone as a result of said accident;

(c)    if so, provide the name and address of the person or persons against whom a claim was made;

(d)    if suit was brought, state the name and location of the court, the return date of the suit, and the docket number;

(e)    state the nature of the injuries received in said accident;

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(f)     state the name and address of each physician who treated you for said injuries;

(g)     state the dates on which you were so treated;

(h)     state the nature of the treatment received on each such date;

(i)     if you are presently or permanently disabled as a result of said injuries, please state the nature of such disability, the name and address of each physician who diagnosed said disability, and the date of each such diagnosis.

17.   If you claim that as a result of the incident alleged in your counterclaim you were prevented from following your usual occupation, or otherwise lost time from work, please provide the following information:

(a)     the name and address of your employer on the date alleged in the counterclaim;

(b)     the nature of your occupation and a precise description of your job responsibilities with said employer on the date of the incident alleged in the counterclaim;

(c)     your average weekly earnings, salary, or income received from said employment for the year preceding the date of the incident alleged in the counterclaim;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(d)     the date following the date of the incident alleged in the counterclaim on which you resumed the duties of said employment;

(e)     what loss of income do you claim as a result of the incident alleged in your counterclaim and how is said loss computed;

(f)     the dates on which you were unable to perform the duties of your occupation and lost time from work as a result of injuries or conditions claimed to have been sustained as a result of the incident alleged in your counterclaim.

18.     Do you claim an impairment of earning capacity?

19.     List any other expenses or loss and the amount thereof not already set forth and which you claim to have incurred as a result of the incident alleged in your counterclaim.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

20.    Have you signed a covenant not to sue, a release or discharge of any claim you had, have, or may have against any person, corporation, or other entity as a result of the incident alleged in your counterclaim?

21.    If you have, please state in whose favor it was given, the date thereof, and the consideration paid to you for giving it.

22.    Have you or anyone on your behalf agreed or made an agreement with any person, corporation or other entity to limit in any way the liability of such person, corporation or other entity as a result of any claim you have or may have as a result of the incident alleged in your counterclaim?

23.    If you have, please state in whose favor it was given, the date thereof, and the consideration paid to you for giving it.

24.    State whether since the date of the incident alleged in your counterclaim, you have made any claims under workers' compensation, and, if so, state the nature and dates of such claims.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

25.    Have you made any non-privileged statements to any person regarding any of the events or happenings alleged in your counterclaim?

26.    State the names and addresses of all persons known to you who were present with you at the time of the incident alleged in your counterclaim or who observed or witnessed all or part of the accident.

27.    As to each individual named in response to Interrogatory #26, state whether to your knowledge, or to the knowledge of your attorney, such individual has given any non-privileged statement or statements concerning the subject matter of your counterclaim or alleged injuries. If your answer to this interrogatory is affirmative, state also:

(a)    the date on which statement or statements were taken;

(b)    the names and addresses of the person or persons who took such statement or statements;

(c)    the names and addresses of any persons present when such statement or statements were taken;

(d)    whether such statement or statements were written, made by recording device, or taken by court reporter or stenographer;

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(e)     the name and address of each person having custody or a copy or copies of such statement or statements.

28.    Please identify by name and address any person, other than an expert who will not testify at trial, who took or prepared any and all of the following photographs in your possession or control or in the possession and control of your attorney, and state the dates on which such photographs were prepared:

(a)     photographs depicting the accident scene;

(b)     photographs depicting any condition or injury alleged to have been caused by the incident alleged in your counterclaim;

(c)     state the number of photographs taken;

(d)     state the date on which each of the photographs were taken;

29.    State the names and addresses of all experts whom you intend to call as an expert witness at trial.

30.    For each witness identified in response to Interrogatory #29, state:

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(a)     the subject matter on which each expert witness is expected to testify;

(b)     the substance of the facts and opinions to which each expert witness is expected to testify;

(c)     a summary of the grounds for each opinion of each expert witness expected to testify.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## B.  REQUESTS FOR PRODUCTION

The counterclaim defendant hereby requests that the counterclaim plaintiff pro-

vide counsel for the counterclaim defendant with copies of the documents described in

the following requests for production, or afford counsel for said counterclaim defendant

the opportunity or, where requested, sufficient written authorization to inspect, copy,

photograph or otherwise reproduce said documents.  The production of such docu-

ments, copies and written authorization shall take place at the offices of Halloran &

Sage LLP, 225 Asylum Street, Hartford, CT  06103 on **Friday, February 21, 2003.**

(a)    All hospital records relating to treatment received as a result of the alleged incident, and to injuries, diseases or defects to which reference is made in the answers to Interrogatories 20, 21, and 22, or written authorization to inspect and make copies of said hospital records.

(b)    All reports of all doctors and all other care providers relating to treatment allegedly received by the counterclaim plaintiff(s) as a result of the alleged incident, and to the injuries, diseases or defects to which reference is made in the answers to Interrogatories, 20, 21, and 22 (exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) or written authorization to inspect and make copies of said reports.

(c)    Copies of, or sufficient written authorization to inspect and make copies of, the wage and employment records of all  employers of the counterclaim plaintiff(s) for three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

(d)    If a claim of impaired earning capacity or lost wages is being alleged, provide copies of, or written authorization to obtain copies of, that part of all income tax

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

I hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
GUY BLAIS,
Counterclaim Plaintiff

Subscribed and sworn to before me this _____ day of _____ 2003

_____
Notary Public/
Commissioner of the Superior Court

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

This is to certify that on this 22nd day of January, 2003, a copy of the foregoing was sent, to counterclaim plaintiff's counsel of record and sent regular mail to all other counsel and pro se parties of record.

*For Counterclaim Plaintiff, GUY BLAIS:*
Arthur C. Laske, III, Esq.
Law Office of Arthur C. Laske, III
1261 Post Road
Fairfield, CT 06824
(203) 254-1770

*For the Plaintiff:*
Stephen P. Bertucio, Esquire
Salomone & Morelli
100 Farmington Avenue
Hartford, CT 06105
(860) 231-1800

*For Defendants, PIERRE LOISELLE, ROSE LYNE LECLERC and ROSE LYNE LECLERC d/b/a ROSY EXPRESS, ENR:*
Daniel Cotter, Esquire
Cotter, Cotter & Quinn, LLC
457 Castle Avenue
Fairfield, CT 06825
(203) 331-0774

*For Defendants, GUY BLAIS and 9018-8491 QUEBEC, INC., d/b/a G.B. TRANSPORT:*
Kevin A. Coles, Esq.
Sara D. Clinton, Esq.
Coles, Baldwin & Craft, LLC
1261 Post Road, P. O. Box 577
Fairfield, CT 06824
(203) 319-0800

*For Defendants, AROLD MICHEL and MARIE RICHEMOND:*
Joel M. Fain, Esq.
Rosemarie T. Weber, Esq.
Morrison, Mahoney & Miller
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860) 616-4441

366977.1(HS-FP)

Laura Pascale Zaino

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105



# HALLORAN
# &SAGE LLP
### ATTORNEYS AT LAW

**LAURA PASCALE ZAINO**  Direct 860 297-4667  zaino@halloran-sage.com

September 24, 2003

**VIA FACSIMILE ONLY**
**(203) 256-9442**

Arthur C. Laske, III, Esquire
Law Office of Arthur C. Laske, III
1261 Post Road
Fairfield, CT 06824

     Re:   **Blais v. Shaw, et al.**
          Our File No.    :   13477.0001

Dear Attorney Laske:

    This correspondence will serve as our good faith effort to secure discovery responses pursuant to Rule 37(a)(2). On November 26, 2002 we served discovery requests upon your client. When we did not receive responses thereto, we elected to re-serve our discovery on January 22, 2003, as opposed to pursuing a motion to compel. Thereafter, you provided me with partial compliance in March, 2003. In view of that fact, we again did not pursue a motion to compel.

    At the time of your partial compliance, you responded in the negative to interrogatory 20 and "N/A" to interrogatory 21. The situation, however, has changed since then. As such, we are requesting that you provide us with proper responses to these interrogatories no later than the close of business on Friday, September 26, 2003 in accordance with your continuing duty to disclose. If we do not receive this information by that time, we will have no choice but to pursue the appropriate motions with the court.

    Finally, this correspondence will also serve to memorialize the fact that in addition to our discovery requests, we specifically requested this information from you during a September 4, 2003 telephone conversation and again during the September 24, 2003 Settlement Conference before Magistrate Smith. Both times you refused.

               Very truly yours,

               Laura Pascale Zaino

LPZ/kaf

# F A X   C O V E R   S H E E T

TO:              **Arthur Laske, Esq**

FROM:            **Laura Pascale Zaino, Esq.**

FAX NUMBER:      **(203) 256-9442**

FILE NUMBER:     **H&S # 13477.0001 (Blais v. Shaw, et al)**

DATE:            **Wednesday, September 24, 2003**

NUMBER OF PAGES (INCLUDING THIS COVER SHEET):       **-2-**

MESSAGE:         ***Please see attached correspondence.***

ORIGINAL WILL NOT FOLLOW.

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (860) 522-6103 x4248 (Kerri).

CONFIDENTIALITY: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND IS PRIVILEGED AND CONFIDENTIAL.  ANY DISSEMINATION, DISTRIBUTION, OR COPY OF THIS COMMUNICATION OTHER THAN TO THE INDIVIDUAL OR ENTITY NAMED ABOVE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ANY COPIES) TO THE SENDER ABOVE.  THANK YOU FOR YOUR ASSISTANCE.

423453.1(HSFP)

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            3908
CONNECTION TEL           912032569442
SUBADDRESS
CONNECTION ID
ST. TIME            09/24 15:18
USAGE T             00'43
PGS. SENT              2
RESULT              OK
```

# F A X   C O V E R   S H E E T

**TO:**            **Arthur Laske, Esq**

**FROM:**          Laura Pascale Zaino, Esq.

**FAX NUMBER:**    (203) 256-9442

**FILE NUMBER:**   H&S # 13477.0001 (Blais v. Shaw, et al)

**DATE:**          Wednesday, September 24, 2003

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET):**      -2-

**MESSAGE:**       *Please see attached correspondence.*


**ORIGINAL WILL NOT FOLLOW.**


          **IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (860) 522-6103 x4248 (Kerri).**

          CONFIDENTIALITY: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND IS PRIVILEGED AND CONFIDENTIAL. ANY DISSEMINATION, DISTRIBUTION, OR COPY OF THIS COMMUNICATION OTHER THAN TO THE INDIVIDUAL OR ENTITY NAMED ABOVE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ANY COPIES) TO THE SENDER ABOVE. THANK YOU FOR YOUR ASSISTANCE.

423453.1(HSFP)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION |
| | : | NO. 3:02 CV 1234 (DJS) |
| Plaintiff | : | |
| VS. | : | |
| | : | |
| AROLD MICHEL | : | |
| MARIE RICHEMOND, | : | |
| PIERRE LOISELLE, | : | |
| ROSE LYNE LECLERC AND | : | |
| ROSE LYNE LECLERC dba | : | |
| ROSE EXPRESS, ENR | : | |
| Defendants | : | JANUARY 22, 2003 |

## COUNTERCLAIM DEFENDANT'S INTERROGATORIES TO BE ANSWERED BY COUNTERCLAIM PLAINTIFF

The undersigned, on behalf of the defendant hereby propounds the following Interrogatories to be answered by the plaintiff under oath, within thirty (30) days of the filing hereof insofar as the disclosure sought will be of assistance in the defense of this action and can be provided by the plaintiff with substantially greater facility than could otherwise be obtained.

1. Please state the following:

a.     your full name and any other name(s) by which you have been known;

b.     your date of birth;

c.     your motor vehicle operator's license number;

d.     your home address;

e.     your business address.

ANSWER:

a. Guy Blais
b. 02/13/66
c. B4204 – 130266 – 07
d. 583 Rang 3, Bromptonville, Quebec Canada JOB1HO
e. Same

     2.     Identify and list each injury you claim to have sustained as a result of the incident alleged in the Complaint.

ANSWER:

     Fracture of right hip, (underwent reconstructive surgery to repair hip), dislocation of fingers on left hand, (insertion of 4 metal pins to repair dislocation) open wound of forehead, (6 – 8" scar across face), open wound of leg, 12-18" (scar on back of right leg), contusion of chest wall, acute respiratory failure, hypertension, difficulty breathing, memory lapses, inability to walk properly.

     3.     As to the injuries you claim to have sustained, please provide the following information:

     (a.) When, where and from whom did you first receive treatment for said injuries:

ANSWER:

7/20/00
Stamford Hospital, Shelburne at West Broad Street, Stamford, CT 06904.

     (b.) If you were treated at a hospital for injuries sustained in the alleged incident, state the name and location of each hospital and the dates of such treatment and confinement therein.

ANSWER:

7/20/00
Stamford Hospital, Shelburne at West Broad Street, Stamford, CT 06904.

     (c.). State the name and address of each physician, therapist or other source of treatment for the conditions or injuries you sustained as a result of the incident

alleged in your Complaint.


ANSWER:

    Stamford Hospital, Shelburne at West Broad Street, Stamford, CT 06904: See attached medical record of hospitalization at Stamford Hospital from 7/20/00 through 7/30/00 for a full list of treating physicians at that facility.

    The plaintiff has also received extensive physical therapy in Canada. These records will be turned over to the defendant, along with the names of all treating physicians, when received.


    4. When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident alleged in your Complaint?

ANSWER:

    I am still treating in Canada. These records will be turned over when received.

    5. On what date were you fully recovered from the injuries or conditions alleged in your Complaint?

ANSWER:

Not fully recovered

    (a.) If you claim you are not fully recovered, state precisely from what injuries or conditions you are presently suffering.

ANSWER:

    I am presently suffering from limited use in my right leg and my left hand. I am currently taking pain medication to help reduce any discomfort. I also have difficulty breathing, and walking as a result of the aforementioned injuries.

    6. Are you presently under the care of any doctor or other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged in your Complaint?

ANSWER

Yes.

       (a.) If the answer to Interrogatory 6 is in the affirmative, state the name and address of each physician or other health care provider who is treating you.

ANSWER:

    I am still treating in Canada. Names of all of my treating physicians will be disclosed when their reports are received.

    7.  Do you claim any present disability resulting from injuries or conditions allegedly sustained as a result of the incident alleged in your Complaint?

ANSWER:

Yes.

       (a.) If so, state the nature of the disability claimed.

ANSWER:

    Currently, I am experiencing pain and limitations relating to my hip, hand, scarring to my face and back of right leg, headaches, difficulty breathing, memory lapses, all of which may be permanent.

    8.  Do you claim any permanent disability resulting from said incident?

ANSWER:

Yes.

    (a.) If the answer to Interrogatory 13 is in the affirmative, please answer the following:

       (1)     List the parts of your body which are disabled;

       (2)     List the motions, activities or use of your body which you have lost or which you are unable to perform;

       (3)     State the percentage of loss of use claimed as to each part of your body;

       (4)     State the name and address of the person who made the prognosis for

permanent disability and the percentage of loss of use;

(5)    List the date for each such prognosis.

ANSWER:

1. Right leg, left hand
2. Difficulty breathing, walking, use of right leg for operating a motor vehicle, use of left hand, memory loss, headaches, all of which may be permenant.
3. Not yet established
4. N/A
5. N/A

9. If you were confined to your home as a result of injuries or conditions sustained as a result of the incident alleged in your Complaint, state the dates between which you were so confined.

ANSWER:

Yes.

10. If you were confined to your bed as a result of the injuries or conditions sustained as a result of the incident alleged in your Complaint, state the dates between which you were so confined.

ANSWER:

Yes. Following the incident I was classified a Glasgow 15 coma patient, with numerous other injuries to my body. These injuries kept me confined to bed from 7/20/00 through 7/30/00.\

11. List each medical report received by you or your attorney relating to your alleged injuries or conditions by stating the name and address of the treating doctor or other health care provider, and of any doctor or health care provider you anticipate calling as a trial witness, who provided each such report and the date thereof.

ANSWER:

See attached.

12. List each item of expense which you claim to have incurred as a result of the incident alleged in your Complaint, the amount thereof and state the name and address of the person or organization to whom each item has been paid or is payable.

ANSWER:

In addition to medical expenses incurred (See attached list), I have incurred expenses arising from modifications made to my house to allow for the use of a wheelchair, and to assist the use of bathrooms etc.

13. Identify each item of expense, if any, or portion thereof for which you have been reimbursed or which is reimbursable by an insurer, indicating the name of the insurer that made such payment or reimbursement or which is responsible for such reimbursement.

ANSWER:

Full disclosure of expenses will follow under separate cover.

14. During the ten year period prior to the date of the incident alleged in the Complaint, were you under a doctor's care for any conditions which were in any way similar or related to those identified and listed in your response to Interrogatory No. 2? If so, state the nature of said conditions, the dates on which treatment was received, and the name of the doctor or health care provider.

ANSWER:

No.

15. If, during the ten year period prior to the date of the incident alleged in your Complaint, you were involved in any incident in which you received personal injuries similar or related to those identified and listed in your response to Interrogatory No. 2, please answer the following with respect to each such earlier incident:

a.      On what date and in what manner did you sustain such injuries?

b.      Did you make a claim against anyone as a result of said accident?

c.      If so, provide the name and address of the person or persons against whom a claim was made;

d.      If suit was brought, state the name and location of the court, the return date of the suit, and the docket number;

e.      State the nature of the injuries received in said accident;

f.      State the name and address of each physician who treated you for said injuries;

g.      State the dates on which you were so treated;

h.      State the nature of the treatment received on such date;

I.      If you are presently or permanently disabled as a result of said injuries, please state the nature of     such disability, the name and address of each physician who diagnosed said disability and the date of each such diagnosis.

ANSWER:


(a.) N/A
(b.) N/A
(c.) N/A
(d.) N/A
(e.) N/A
(f.) N/A
(g.) N/A
(h.) N/A
(i.) N/A

16. If you were involved in any incident in which you received personal injuries since the date of the incident alleged in the Complaint, please answer the following:

a.   On what date and in what manner did you sustain such injuries?

b.   Did you make a claim against anyone as a result of said accident?

c.   If so, provide the name and address of the person or persons against whom a claim was made;

d.   If suit was brought, state the name and location of the court, the return date of the suit, and the docket number;

e.   State the nature of the injuries received in said accident;

f.   State the name and address of each physician who treated you for said injuries;

g.   State the dates on which you were so treated;

h.   State the nature of the treatment received on such date;

I.   If you are presently or permanently disabled as a result of said injuries, please state the nature of such disability, the name and address of each physician who diagnosed said disability and the date of each such diagnosis.

ANSWER:

(a.) N/A
(b.) N/A
(c.) N/A
(d.) N/A
(e.) N/A
(f.) N/A
(g.) N/A
(h.) N/A
(i.) N/A

17. If you claim that as a result of the incident alleged in your Complaint you were prevented from following your usual occupation, or otherwise lost time from work, please provide the following information:

    a.    The name and address of your employer on the date alleged in the Complaint;

    b.    The nature of your occupation and a precise description of your job responsibilities with said employer on the date of the incident alleged in the Complaint;

    c.    Your average, weekly earnings, salary, or income received from said employment for the year preceding the date of the incident alleged in the Complaint;

    d.    The date following the date of incident alleged in the Complaint on which you resumed the duties of said employment;

    e.    What loss of income do you claim as a result of the incident alleged in your Complaint and how is said loss computed;

    f.    The dates on which you were unable to work as a result of injuries or conditions claimed to have been sustained as a result of the incident alleged in your Complaint.

ANSWER:

(a.) Self Employed
(b.) Tractor trailer driver
(c.) Yearly earnings were approximately $26,500. ($32,000 Canadian)
(d.) Have not returned to work.
(e.) Further detail on wage loss and compensation will follow under separate cover.
(f.) 7/20/00 through the Present

18. Do you claim an impairment of earning capacity?

ANSWER:

Yes. As a result of the injuries I sustained I am unable to operate a motor vehicle, thus making me unable to perform my duties as a self employed tractor trailer driver.

19. List any other expenses or loss and the amount thereof not already set forth and which you claim to have incurred as a result of the incident alleged in your Complaint.

ANSWER:

**Full disclosure of expenses will follow under separate cover.**

20. Have you signed a covenant not to sue, a release or discharge of any claim you had, have or may have against any person, corporation, or other entity, as a result of the incident alleged in your Complaint?

ANSWER:

No.

21. If you have, please state in whose favor it was given, the date thereof, and the consideration paid to you for giving it.

ANSWER:

N/A

22. Have you or anyone on your behalf agreed or made an agreement with any person, corporation or other entity to limit in any way the liability of such person, corporation or other entity as a result of any claim you have or may have as a result of the incident alleged in your Complaint?

ANSWER:

No.

23. If you have, please state in whose favor it was given, the date thereof, and the consideration paid to you for giving it.

ANSWER:

N/A

24. State whether since the date of the incident alleged in your Complaint, you have made any claims under Workers' Compensation, and, if so, state the nature of such claims.

ANSWER:

**None**

25. Have you made any statements, as defined in the Connecticut Practice Book Rule 216, to any person regarding any of the events or happenings alleged in your Complaint?

ANSWER:

**Yes.**

26. State the names and addresses of all persons known to you who were present with you at the time of the incident alleged in your Complaint or who observed or witnessed all or part of the accident.

ANSWER:

**See attached statement of Guy Blais taken on 8/24/00 and also see attached police report.**

27. As to each individual named in response to Interrogatory No. 32, state whether to your knowledge, or to the knowledge of your attorney, such individual has given any statement or statements as defined in the Connecticut Practice Book concerning the subject matter of your Complaint or alleged injuries. If your answer to this Interrogatory is affirmative, state also:

a.    The date on which the statement or statements were taken;

b.    The names and addresses of the person or persons who took such statement or statements;

c.    The names and addresses of any persons present when such statement or statements were taken;

d.    Whether such statement or statements were written, made by recording device, or taken by court reporter or stenographer;

e.    The name and address of each person having custody or a copy or copies of such statement or statements.

ANSWER:

No statements known except the plaintiffs 8/24/00 statement and any others that may appear in the police report.

28.  Please identify, by stating the name and address, any person, other than an expert who will not testify at trial, who took or prepared any and all of the following photographs in your possession or control or in the possession and control of your attorney, and state the dates on which such photographs were prepared:

a.  Photographs depicting the accident scene;

b.  Photographs depicting any condition or injury alleged to have been caused by the incident alleged in your Complaint;

c.  State the number of photographs taken;

d.  State the date on which each of the photographs were taken.

ANSWER:

a. None.
b.  (2) Photographs detailing the condition of the plaintiff's truck before and after the incident; (4) Photographs detailing the injuries sustained by the plaintiff as a result of the incident; (6) Photographs depicting the appropriate modifications that were made to the plaintiff's house in order to facilitate his tenancy after sustaining aforementioned injuries.
c. 12: (2) of the truck (4) of the plaintiff (6) of the plaintiff's house
d. Unknown

29. State the names and addresses of all experts whom you intend to call as an expert witness at trial.

ANSWER:

SOME OR ALL OF THE HEALTH CARE PROVIDERS IDENTIFIED IN RESPONSE TO THE ABOVE INTERROGATORIES MAY BE CALLED UPON AT TRIAL TO PROVIDE TESTIMONY OR WRITTEN REPORTS CONCERNING THE CAUSE, NATURE AND EXTENT AND PROGNOSIS OF THE PLAINTIFF'S INJURIES AND COSTS WHICH WERE INCURRED, OR ARE LIKELY TO BE INCURRED AS A RESULT OF THOSE INJURIES. ANY ADDITIONAL EXPERT WILL BE DISCLOSED AS THEY BECOME KNOWN TO PLAINTIFF'S COUNSEL.   AT TRIAL, PLAINTIFF EXPECTS TO CALL AS EXPERT WITNESSES ONE OR MORE OF THE TREATING PHYSICIANS IDENTIFIED IN THESE INTERROGATORIES.   THE PLAINTIFF HAS NOT YET DETERMINED WHAT OTHER EXPERT WITNESSES, IF ANY MAY BE CALLED AT TRIAL.

30. For each witness identified in response to Interrogatory No. 35, state:

a.    The subject matter on which each expert witness is expected to testify;

b.    The substance of the facts and opinions to which each expert is expected to testify;

c.    A summary of the grounds for each such opinion of each expert witness expected to testify.

ANSWER:

See Response to Interrogatory No. 29

## B. REQUESTS FOR PRODUCTION

The counterclaim defendant hereby requests that the counterclaim plaintiff provide counsel for the counterclaim defendant with copies of the documents described in the following Requests for Production, or afford counsel for said defendant the opportunity or, where requested, sufficient written authorization, to inspect, copy, photograph or otherwise reproduce said documents. The production of such documents, copies, and written authorizations shall take place at the offices of Halloran & Sage LLP, 225 Asylum Street, Hartford, CT 06103 on **Friday, February 21, 2003.**

(a.) All hospital records relating to treatment received as a result of the alleged incident, and to injuries, diseases or defects to which reference is made in the answers to Interrogatory Nos. 20, 21 and 22, or written authorization to inspect and make copies of said hospital records.

**See attached**

(b.) All reports of all doctors and all other providers relating to treatment allegedly received by the plaintiff(s) as a result of the alleged incident, and to the injuries, diseases or defects to which reference is made in the answers to Interrogatory Nos. 20, 21 and 22 (exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) or written authorization to inspect and make copies of said report.

**See attached**

(c.) Copies of, or sufficient written authorization to inspect and make copies of, the wage and employment records of all employers of the plaintiff(s) for three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

**Wage information will follow under separate cover.**

(d.) If a claim of impaired earning capacity or lost wages is being alleged, provide copies

of, or written authorization to obtain copies of, that part of all income tax returns relating to lost income filed by the plaintiff(s) for a period of three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

**Copies of wage information will follow under separate cover.**

(e.)  All property damage bills that are claimed to have been incurred as a result of the incident.

**To be produced.**

(f.)  All medical bills that are claimed to have been incurred as a result of this incident.

**To be produced.**

(g.)  All bills for each item of expense that is claimed to have been incurred in the answer to Interrogatory No. 18, and not already provided for in response to paragraphs 5 and 6 above.

**To be produced.**

(h.)  All documents identified or referred to in the answers to Interrogatory 26.

**See attached police report.**

(i.)  A copy of any non-privileged statements, as defined in Practice Book Rule 216, of any party in this lawsuit concerning this action or its subject matter.

**See attached statement of Guy Blais dated 8/24/00 and the attached police report.**

THE COUNTERCLAIM PLAINTIFF,
GUY BLAIS


BY_____
    Arthur C. Laske III
    Federal Bar # CT 0773
    Law Office of Arthur C. Laske III
    1261 Post Road
    Fairfield, CT 06430
    (203) 254-1770


## CERTIFICATION

      This is to certify that a copy of the foregoing was mailed first class, postage pre-paid this date to:


---------------------------------------
ARTHUR C. LASKE III

I, Guy Blais, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

_____
GUY BLAIS
Counterclaim Plaintiff


Subscribed and sworn to before me this _____ day of

_____,2003.


_____
Notary Public/
Commissioner of the Superior Court