UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW, | : | CIVIL ACTION |
|    Plaintiff | : | NO. 3:02 cv 1234 (DJS) |
| V. | : | |
| AROLD MICHEL, ET AL | : | MARCH 3, 2004 |
|    Defendants | : | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

**I.   INTRODUCTION**

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, the counterclaim defendant, James Shaw, moves for an order compelling the counterclaim plaintiff, Guy Blais, to recognize and adhere to his continuing duty to disclose by providing responses to Interrogatories Nos. 3, 4, 6, 13 and 19 and Requests for Production Nos. (c), (d), (e), (f), and (g) as set forth in the counterclaim defendant's Second Set of Interrogatories and Requests for Production (the "Discovery Requests"), dated January 22, 2003.[1]  In doing so, the counterclaim plaintiff should also be ordered to provide a signed and executed verification page attesting to the accuracy of the

---

[1]   It bears noting that the exact same interrogatories and production requests were initially served on the counterclaim plaintiff on November 26, 2002.  The counterclaim plaintiff did not provide compliance, however.  In view of represented difficulties in obtaining compliance, the undersigned re-served them on January 22, 2003 instead of pursuing a motion to compel at that time.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

responses. A true and accurate copy of the Discovery Requests are attached hereto as Exhibit A.

Although the counterclaim plaintiff's responses to the Discovery Requests were due February 22, 2003, nothing was provided until March 13, 2003.[2] On that date, the counterclaim plaintiff provided "partial compliance" consisting of unexecuted, unsigned interrogatory responses. Thereafter, some medical records were provided as supplemental compliance on April 1, 2003 and April 21, 2003. Nothing further was provided until February 16, 2004, when the counterclaim plaintiff provided a copy of the July 20, 2000 EMS report and corresponding bill.[3]

## II.  ARGUMENT

### A.  Plaintiff's Failure To Fully Answer The Counterclaim Defendant's Discovery Requests Is A Violation of the Federal Rules of Civil Procedure.

Rules 33 and 34 of the Federal Rules of Civil Procedure permit any party to serve any other party with Interrogatories and Production Requests. These same Rules require a party upon whom Interrogatories and Production have been served to serve

---

[2] The statement in the undersigned's September 18, 2003 Objection to Motion to file disclosure of experts *nun pro tunc* that responses in some form were provided on January 22, 2003 was in error. January 22, 2003 was in fact the date of service.

[3] It is notable that when this "supplemental compliance" was provided on February 12, 2004, the counterclaim plaintiff still failed to provide the information regarding settlement with the former co-defendant as ordered by this court in its January 16, 2004 ruling on the undersigned's Motion to Compel. To date, this court order has gone unheeded. A separate motion will be filed in that regard if need be.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

answers or objections within thirty days of service.  (See Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34 (b)).

In accordance with these rules, the counterclaim defendant, Mr. Shaw, served the Discovery Requests at issue upon counterclaim plaintiff on January 22, 2003.  See also Footnote 1.  The counterclaim plaintiff provided unsigned, unexecuted "partial compliance" on March 13, 2003.  (Id.).  No objections to any interrogatories or production requests were raised.  In fact, the majority of the interrogatories and production requests at issue met with "to be provided" responses.  Thus, the counterclaim plaintiff has an obligation both under the Rules of Civil Procedure and under his own representations to provide true and accurate responses to all the inquiries.  He has not done so despite being asked on several occasions to provide the missing information.

Accordingly, having already unsuccessfully conferred with the counterclaim plaintiff's counsel in an effort to obtain the missing information without judicial intervention, the counterclaim defendant, Mr. Shaw, now moves the Court for an order pursuant to Fed. R. Civ. P. 37(a)(2)(B) compelling the counterclaim plaintiff to respond to Interrogatory Nos. 3, 4, 6, 13 and 19 and Requests for Production (c), (d), (e), (f), and (g).

On October 21, 2003, the undersigned forwarded correspondence to plaintiff's counsel requesting all of the missing information which is presently the subject of this motion.  Thereafter, on January 7, 2004, the undersigned had a telephone conversation

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

with plaintiff's counsel wherein he advised that he would be providing this information. That conversation was confirmed by way of the undersigned's January 12, 2004 correspondence which reiterated the October 21, 2003 request and, in an effort to move things along, identified certain institutions from which records are missing.[4]  One month later, after hearing no response, the undersigned issued a February 9, 2004 correspondence again requesting the missing information and advising that a motion to compel would necessarily follow if the information was not provided.

On February 12, 2004, plaintiff's counsel issued what purported to be supplemental discovery responses.  However, as indicated above, that supplemental compliance consisted only of the Greenwich (CT) Hospital EMS report and bill.

It is clear, based upon the foregoing, that the counterclaim plaintiff has an obligation under our rules and virtue of his own representations to provide the information at issue.  His refusal to do so constitutes a violation of the Federal Rules of Civil Procedure 33 and 34, and should not be allowed.  The undersigned is being prevented from reconvening the counterclaim plaintiff's deposition and from retaining necessary expert witnesses because this missing information is critical with respect to both necessary defense steps.

---

[4]  It is notable that this list is not meant to be all inclusive.  It is distinctly possible that there are other institutions or providers about which the undersigned presently does not know by virtue of the largely incomplete discovery compliance.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## III.  CONCLUSION

Based on the foregoing, counterclaim defendant, Mr. Shaw, respectfully moves this Court for an order compelling the counterclaim plaintiff to immediately respond to Interrogatory Nos. 3, 4, 6, 13 and 19 and Requests for Production (c), (d), (e), (f) and (g).

COUNTER CLAIM DEFENDANT,
JAMES SHAW:

By_____
Laura Pascale Zaino of
HALLORAN & SAGE LLP
Fed. Bar #ct19353
(860) 522-6103

### CERTIFICATION

This is to certify that on this _____ day of March, 2004, I hereby mailed a copy of the foregoing to:

Arthur C. Laske, III, Esq.
Law Office of Arthur C. Laske, III
1261 Post Road
Fairfield, CT 06824

Daniel Cotter, Esquire
Cotter, Cotter & Quinn, LLC
457 Castle Avenue
Fairfield, CT 06825

Rosemarie T. Weber, Esq.
Morrison, Mahoney & Miller
One Constitution Plaza, 10th Floor
Hartford, CT 06103

_____
Laura Pascale Zaino

521357_1.DOC



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105