UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION |
| | | NO. 3:02 CV 1234 (DJS) |
| V. | : | |
| AROLD MICHEL, ET AL | : | APRIL 7, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS

**I.   FACTS**

On January 22, 2003, the counterclaim defendant, James Shaw, served interrogatories and production requests on the counterclaim plaintiff, Guy Blais. The counterclaim plaintiff did not object to these requests, nor did he file a motion for extension of time to respond thereto. As such, his responses were due on February 22, 2003.

On March 13, 2003, the counterclaim plaintiff provided "partial compliance" consisting of unexecuted, unsigned responses. In response to Interrogatories 20 and 21, which pertain to settlements with other parties, the counterclaim plaintiff answered "no" and "n/a" respectively. That has since changed. In June 2003, the counterclaim plaintiff settled his claim against the cross claim defendant, Pierre Loiselle and released Loiselle from this action. He has not, since that time, however, supplemented his discovery compliance to reflect this.

On October 16, 2003, after several unsuccessful attempts at procuring this information from the counterclaim plaintiff (through his counsel), the counterclaim

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendant was forced to file a motion to compel.[1]  The counterclaim plaintiff did not file an objection and on January 16, 2004, this court granted the motion to compel in its entirety.  See January 16, 2004 Order (Attached hereto as Exhibit A).  To date, despite further attempts by the counterclaim defendant to procure this information, the counterclaim plaintiff has failed to comply with this court's order.[2]  See March 26, 2004 Correspondence (Attached hereto as Exhibit B).  It is therefore appropriate that sanctions enter against the counterclaim plaintiff at this time.

**II.     LAW AND ARGUMENT**

**A.     Standard of Review**

Rule 37(a)(4)(A) provides, in pertinent part, that:

> If the motion [to compel] is granted…the court shall, after affording an opportunity to be heard, require the party…whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees….

Likewise, Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party…fails to obey an order to provide or permit discovery . . . the court in which the

---

[1] It bears noting that during the course of one telephone conversation which preceded the filing of the motion to compel, counterclaim plaintiff's counsel agreed that the information should and would be provided.

[2] On **February 12, 2004** the counterclaim plaintiff provided "supplemental compliance" with discovery which consisted of a July 20, 2000 ambulance report and corresponding bill.  It is notable that this "supplemental compliance" did not include the information regarding the settlement, despite the granting of the motion to compel nearly one month prior.

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

action is pending may make such orders in regard to the failure as are just", including, but not limited to, requiring "the party failing to obey the order or the attorney advising that party or both the pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

It is well settled that Rule 37, in general, "provides district courts with the authority to oversee the discovery process by issuing orders compelling discovery and sanctions against noncomplying parties." Messier v. Southbury Training School, 1998 WL 841641 (D. Conn., December 2, 1998). Rule 37 disciplinary sanctions serve to "ensure that a party will not benefit from its own failure to comply with the discovery rules,….constitute specific deterrents and seek to obtain compliance with either court orders or the ordinary standards of care appropriate for parties and their attorneys,….[and] should serve as a general deterrent in the case at hand and in other litigation, provided that the party against whom they are imposed was in some sense at fault." Id.

"An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." Milltex Industries Corp. v. Jacquard Lace Co., 55 F.3d 34, 40, n. 14 (2d Cir. 1995), quoting United States v. United Mine Workers, 330 U.S. 258, 293, 67 S. Ct. 677 (1947). Under Rule 37(a)(4)(A) "the Court must order reasonable costs and attorney's fees unless the

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

movant failed to attempt to solve the problem in good faith without court action, the nonmovant's action or inaction was substantially justified, or other circumstances make and award of expenses unjust." Messier v. Southbury Training School, 1998 WL 841641 (D. Conn., December 2, 1998). This provision "does not require the court to find bad faith before awarding reasonable attorney's fees. Instead, the Court may order the losing party to pay reasonable expenses so long as such an award complies with the requirements of Rule 37(a)." Omega Engineering, Inc. v. Omega, S.A., 2001 WL 173765 (D. Conn. February 6, 2001).

Likewise, with respect to discovery, "[p]rovided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991). When imposing sanctions under Rule 37(b), the trial court has broad discretion in determining what sanctions are appropriate. Id. at 1365. In fact, there are only two basic limitations on the court's discretion–that the sanctions be "just" and that the sanctions "relate to the particular claim to which the discovery order was addressed." Id. at 1366.

### B. The Counterclaim Plaintiff's Failure to Comply With the Court's January 16, 2004 Order Warrants the Sanction of Attorney's Fees Associated with the Drafting and Filing the Motion to Compel Which Gave Rise to That Order and With the Present Motion

A review of the facts giving rise to this motion demonstrates that the counterclaim plaintiff should bear the costs associated with this motion and the motion

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to compel that has been ignored. The undersigned has provided ample opportunity, both prior to filing the motion to compel and since the motion was granted, for the counterclaim plaintiff to voluntarily provide the information at issue. The counterclaim plaintiff's refusal to comply with this court's clear and concise order is beyond comprehension, particularly when one considers the simplicity with which the information could and should have been provided. Specifically, the interrogatory responses simply need to be amended to reflect the names of the parties that have been released and the figures for which the releases were exchanged.[3] If that for some reason proved too burdensome, a simple letter or telephone call providing this basic information would have served to at least delay the necessary amendment of the interrogatory responses. Instead, the counterclaim plaintiff has done nothing. This has necessitated the filing of a motion to compel and this motion for sanctions. As there simply is no justified excuse for the counterclaim plaintiff's failure here, and the sanctions requested should therefore issue.[4]

---

[3] The counterclaim plaintiff has also resolved his claim against the co-defendants Michel and Richemond. This resolution occurred after the Loiselle resolution and the undersigned has knowledge, though not through formal discovery, regarding the terms of that resolution. While the undersigned submits that the interrogatory responses should be amended in this regard as well, the counterclaim plaintiff's failure to do so is not the subject of this motion.

[4] If the counterclaim plaintiff provides the requested information in response to the filing of this motion, sanctions should nonetheless enter. The undersigned has spent considerable time and resources drafting two motions on an issue that could and should have been easily resolved.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**C. CONCLUSION**

Wherefore, for all of the foregoing reasons, the counterclaim defendant respectfully requests recovery from the counterclaim plaintiff for the attorney's fees incurred in the preparation of the motion to compel, this motion, and any other sanctions deemed appropriate by this Court.

COUNTERCLAIM DEFENDANT,
JAMES SHAW


By_____
Laura Pascale Zaino of
HALLORAN & SAGE LLP
Fed. Bar #ct19353
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this _____ day of APRIL 2004, I hereby mailed a copy of the foregoing to:

Arthur C. Laske, III, Esq.  
Law Office of Arthur C. Laske, III  
1261 Post Road  
Fairfield, CT 06824

Rosemarie T. Weber, Esq.  
Morrison, Mahoney & Miller  
One Constitution Plaza, 10th Floor  
Hartford, CT 06103

Daniel Cotter, Esquire  
Cotter, Cotter & Quinn, LLC  
457 Castle Avenue  
Fairfield, CT 06825

                                                  Laura Pascale Zaino

533483.1(HSFP)

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105