UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION<br>NO. 3:02 CV 1234 (DJS) |
| V. | : | |
| AROLD MICHEL, ET AL. | : | JUNE 11, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL AND/OR SANCTIONS

### I.    FACTS

The motion for which this memorandum provides support succeeds several others dealing with the same subject matter – the counterclaim plaintiff's failure to comply with discovery requests that were served nearly one year and six months ago.  This motion also succeeds an order of this court which, to date, remains unheeded.

On January 22, 2003, the counterclaim defendant, James Shaw, served interrogatories and production requests on the counterclaim plaintiff, Guy Blais.  The counterclaim plaintiff did not object to these requests, nor did he file a motion for extension of time to respond thereto.  As such, his responses were due on February 22, 2003.

On March 13, 2003, the counterclaim plaintiff provided "partial compliance" consisting of unexecuted, unsigned responses, many of which read "to be provided." Thereafter, some medical records were provided as supplemental compliance on April 1, 2003, April 21, 2003 and February 16, 2004.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

On March 3, 2004, after several attempts at procuring an abundance of missing information from the counterclaim plaintiff (through his counsel), the counterclaim defendant was forced to file a motion to compel.  The counterclaim plaintiff did not file an objection and this court, apparently in response to the motion to compel and an April 7, 2004 motion for sanctions the undersigned was also forced to file, scheduled a telephone status conference for April 28, 2004.  On April 27, 2004, the counterclaim plaintiff provided purported supplemental compliance with discovery.

On April 28, 2004, the parties participated in the telephone status conference at which time the discovery issues were discussed at length.  The undersigned recognized receipt of the counterclaim plaintiff's purported supplemental compliance, but clearly advised that it remained infirm in many ways.  Specifically, the supplemental responses to interrogatories 4 and 6 are non-responsive.  Both questions call for direct responses from the counterclaim plaintiff and the responses instead refer to all medical records in plaintiff's counsel's possession.  Further, the supplemental responses included reports from Dr. Roberge which had been translated from French to English, but did not also include the French documents.  Finally, the supplemental responses still did not include all of the counterclaim plaintiff's medical records.

These issues were discussed at length during the conference.  During the discussion, counsel for the counterclaim plaintiff advised that he was having difficulty obtaining the missing records.  He was nonetheless ordered to produce the records,

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

or an authorization for the undersigned to procure these records, within seven days of the conference or he would be precluded from relying on the records at trial.[1]  He was also ordered to correct the infirmities with respect to interrogatories 4 and 6 within seven days of the conference.  Finally, he was ordered to produce the French version of Dr. Roberge's records.  Thereafter, this court entered a new scheduling order which states, among other things, that discovery shall be completed by September 24, 2004 and that this case shall be trial ready by December, 2004.  It also denied both of the undersigned's motions (to compel and for sanctions) as moot, anticipating the compliance agreed to by the counterclaim plaintiff.

Unfortunately, although it is well over seven days from the April 28, 2004 telephone conference, the counterclaim plaintiff has not complied with any of these orders.  The undersigned, by way of correspondence, has again unsuccessfully tried to resolve these issues absent court intervention.  See May 10, 2004 and June 3, 2004 correspondence (attached hereto as Exhibit A).  It is therefore appropriate that this matter be dismissed and/or sanctions enter against the counterclaim plaintiff at this time.

---

[1] It is important to note that the undersigned agreed with and appreciated the proposed sanction but also advised the court that the records were necessary to her client's defense regardless of whether the counterclaim plaintiff would be able to put them into evidence because they are germane to defending causation.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. LAW AND ARGUMENT

### A.    Standard of Review

Rule 37(a)(4)(A) provides, in pertinent part, that:

> If the motion [to compel] is granted…the court shall, after affording an opportunity to be heard, require the party…whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees….

Likewise, Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that "[i]f a party…fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just", including, but not limited to, "[a]n order refusing to allow the disobedient party to support of oppose designated claims or defenses, or prohibiting designated matters into evidence," "dismissing the action" and/or requiring "the party failing to obey the order or the attorney advising that party or both the pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

It is well settled that Rule 37, in general, "provides district courts with the authority to oversee the discovery process by issuing orders compelling discovery and sanctions against noncomplying parties." Messier v. Southbury Training School, 1998 WL 841641 (D. Conn., December 2, 1998). Rule 37 disciplinary sanctions serve to "ensure that a party will not benefit from its own failure to comply with the discovery

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

rules,….constitute specific deterrents and seek to obtain compliance with either court orders or the ordinary standards of care appropriate for parties and their attorneys,….[and] should serve as a general deterrent in the case at hand and in other litigation, provided that the party against whom they are imposed was in some sense at fault." Id.

"An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." Milltex Industries Corp. v. Jacquard Lace Co., 55 F.3d 34, 40, n. 14 (2d Cir. 1995), quoting United States v. United Mine Workers, 330 U.S. 258, 293, 67 S. Ct. 677 (1947).  Under Rule 37(a)(4)(A) "the Court must order reasonable costs and attorney's fees unless the movant failed to attempt to solve the problem in good faith without court action, the nonmovant's action or inaction was substantially justified, or other circumstances make and award of expenses unjust." Messier v. Southbury Training School, 1998 WL 841641 (D. Conn., December 2, 1998).  This provision "does not require the court to find bad faith before awarding reasonable attorney's fees.  Instead, the Court may order the losing party to pay reasonable expenses so long as such an award complies with the requirements of Rule 37(a)." Omega Engineering, Inc. v. Omega, S.A., 2001 WL 173765 (D. Conn. February 6, 2001).

Likewise, with respect to discovery, "[p]rovided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Products

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).  When imposing sanctions under

Rule 37(b), the trial court has broad discretion in determining what sanctions are

appropriate.  Id. at 1365.  In fact, there are only two basic limitations on the court's

discretion–that the sanctions be "just" and that the sanctions "relate to the particular

claim to which the discovery order was addressed."  Id. at 1366.

**B. The Counterclaim Plaintiff's Continued Failure to Comply With Discovery Obligations and Orders of this Court Warrants that this Matter be Dismissed.**

Rule 37 provides this court with the discretion to dismiss an action for non-

compliance with its orders.  Loubier v. Modern Acoustics, Inc., 187 F.R.D. 449 (D.

Conn. 1999).  Indeed, if the court finds willfulness, bad faith, or fault on the part of the

party refusing discovery, it may dismiss a case with prejudice under Rule 37 (b).  Id.

This rule is implicated here.

Despite the obligations imposed upon the counterclaim plaintiff under the rules of

discovery, it has been consistently necessary for the undersigned to file motions with

this court in order to compel disclosure of information and production of documents

which were requested well over one year ago.  Moreover, the undersigned has received

favorable rulings from the court with respect to these motions and still is without the

information needed.  As previously represented, both to this court and to counsel, the

undersigned's defense is effectively at a standstill because before the counterclaim

plaintiff's deposition can be reconvened, the missing information must be produced.

Likewise, before any medical depositions can be obtained, the missing information must

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

be produced.  Finally, and quite importantly, before the undersigned can fully prepare a

defense as to causation, the missing information must be produced.[2]

It seems apparent that Rule 37 as a deterrent to continued non-compliance is

simply not working here.  At this point, then, it is entirely reasonable to move for and be

granted a dismissal of the action.

**C. The Counterclaim Plaintiff's Continued Failure to Comply With Discovery Obligations and Orders of this Court Warrants that he be Precluded from Presenting Evidence Relating to His Claim That The Counterclaim Defendant's Alleged Actions or Inactions Were Somehow the Cause of the Accident.**

As indicated above and during the course of the April 28, 2004 telephone

conference, the medical records at issue are not only germane to the counterclaim

plaintiff's claims for damages, they are also believed to be germane to the counterclaim

defendant's defense as to causation.  As such, the undersigned is being prevented from

preparing a full and fair defense as to causation by virtue of the fact that these records

have consistently been withheld.

In addition to empowering this court with the ability to dismiss and action with

prejudice for discovery violations, Rule 37 provides, in relevant part, that this court may

enter "[a]n order refusing to allow the disobedient party to support or oppose designated

claims or defenses."  In this case, the counterclaim plaintiff is claiming that alleged

---

[2] At this point, the undersigned questions the feasibility of meeting the September discovery deadline, regardless of whether the records themselves are produced or an authorization is produced.  Because there are language issues involved, the timetable is necessarily longer than in an ordinary case.  Had the records or authorization been produced as ordered in early May, the deadline may have been tight but manageable.  This latest delay may render it unmanageable.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

actions or inactions on the part of the counterclaim defendant caused the accident in which he was injured.  He should not be allowed to pursue this claim, however, because the information he consistently fails to disclose is believed to be directly relevant to a strong defense in this regard.  Without it, the counterclaim defendant is being deprived.

D. **The Counterclaim Plaintiff's Failure to Comply With the Court's April 28, 2004 Order Warrants the Sanction of Attorney's Fees Associated with the Drafting and Filing the Motion to Compel Which Gave Rise to That Order and With the Present Motion**

A review of the facts giving rise to this motion demonstrates that the counterclaim plaintiff should bear the costs associated with this motion and the motion to compel that generated the order that has been ignored.  The undersigned has provided ample opportunity, both prior to filing the motion to compel and since the motion was granted, for the counterclaim plaintiff to voluntarily provide the information at issue.  The counterclaim plaintiff's refusal to comply with this court's clear and concise order is beyond comprehension, particularly when one considers the simplicity with which the information could and should have been provided.  Instead, the counterclaim plaintiff has done nothing.  This has necessitated the filing of a motion to compel and this motion for sanctions.  As there simply is no justified excuse for the counterclaim plaintiff's failure here, and the sanctions requested should therefore issue.[3]

---

[3] It bears that the undersigned did not press the issue of sanctions during the April conference. At this point, though, because this is the third motion related to discovery, sanctions should issue.

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## E.  CONCLUSION

Wherefore, for all of the foregoing reasons, the counterclaim defendant respectfully requests that this action be dismissed.   Otherwise, the counterclaim defendant request an order precluding the counterclaim plaintiff from pursuing his claims of causation at trial.   Finally, and in addition to the foregoing, the counterclaim defendant requests a copy from the counterclaim plaintiff for the attorneys fees incurred in the preparation of the motion to compel, this motion, and any other sanctions deemed appropriate by this court.

COUNTERCLAIM DEFENDANT,
JAMES SHAW


By_____
    Laura Pascale Zaino of
    HALLORAN & SAGE LLP
    Fed. Bar #ct19353
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 10th day of June 2004, I hereby mailed a copy of the foregoing to:

Arthur C. Laske, III, Esq.
Law Office of Arthur C. Laske, III
1261 Post Road
Fairfield, CT 06824

Rosemarie T. Weber, Esq.
Morrison, Mahoney & Miller
One Constitution Plaza, 10th Floor
Hartford, CT 06103

Daniel Cotter, Esquire
Cotter, Cotter & Quinn, LLC
457 Castle Avenue
Fairfield, CT 06825

_____
Laura Pascale Zaino

559653.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105