UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION |
| | | NO. 3:02 CV 1234 (DJS) |
| V. | : | |
| AROLD MICHEL, ET AL | : | FEBRUARY 24, 2005 |

## COUNTERCLAIM DEFENDANT'S PROPOSED
## PRELIMINARY REQUESTS TO CHARGE

### REQUEST TO CHARGE NO. 1
### NEGLIGENCE

In his counterclaim, the counterclaim plaintiff has alleged that the counterclaim defendant was negligent. The counterclaim plaintiff claims that this negligence caused him to suffer personal injuries. The counterclaim defendant has denied that he was negligent in any respect. The counterclaim plaintiff has the burden of proving that the counterclaim defendant's actions or inactions were negligent. The counterclaim defendant does not have to prove that he was not negligent. Additionally, in the affirmatives defenses, the counterclaim defendant has pleaded that if the counterclaim plaintiff sustained any injuries, it was the result of his own negligence and carelessness and not any act or omission by the counterclaim defendant. The counterclaim defendant has also alleged that the accident at issue constituted a sudden emergency. The counterclaim plaintiff has denied these affirmative defenses.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The counterclaim defendant also maintains that Arold Michel and Pierre Loiselle were negligent and that their negligence should be considered in apportioning liability. I will instruct you further on apportionment in a few minutes.

Negligence is the doing of something which a reasonably prudent person would not do under the circumstances, or omitting to do what a reasonably prudent person would do under the circumstances. It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.

The use of reasonable care in a given situation is the care which an ordinarily prudent person would use in view of the surrounding circumstances. It is not the care which you personally think he ought to have used. You must determine the question by placing an ordinarily prudent person in the situation of James Shaw in regard to the counterclaim, and in the situation of the counterclaim plaintiff, Guy Blais, in regard to the affirmative defenses, and ask yourselves what ordinarily prudent persons would do in light of the surrounding circumstances. It is this care, that of an ordinarily prudent person under the circumstances, which I mean when I speak of "reasonable care," or when I use the word "reasonable" or "reasonably." Please note that it is a care which such a person would have used under the surrounding circumstances; that is to say, in view of the facts that he or she knew, or as such a person should have perceived and known.

Reasonable care does not require a person to have exercised perfect care, but only what is reasonable considering all of the circumstances involved with this care.

<div style="text-align:right">Johnson v. Flammia, 169 Conn. 491 (1975)</div>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### REQUEST TO CHARGE NO. 2
### COMPARATIVE NEGLIGENCE

In addition to denying that he was negligent, the James Shaw has filed an affirmative defense of contributory negligence against the counterclaim plaintiff, Guy Blais. By doing so, James Shaw is, in effect, saying that even if you should find him negligent in one or more of the ways alleged, the counterclaim plaintiff, Guy Blais, is still not entitled to recover damages from him because Guy Blais' negligence was greater than the negligence of James Shaw and his negligence (Guy Blais') was a substantial factor in causing the incident and his injuries. James Shaw claims that the counterclaim plaintiff, Guy Blais, was guilty of negligence, which was a substantial factor in causing the occurrence complained of and any injuries, losses and damages alleged to have resulted therefrom in that:

    a.    he operated said motor vehicle at a rate of speed greater than was reasonable having due regard to the width, traffic and use of the highway or road, the intersection of streets, and weather conditions then and there existing in violation of Connecticut General Statute § 14-218a;

    b.    he followed the counterclaim defendant's motor vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway, and the weather conditions in violation of Connecticut General Statute § 14-240;

    c.    he followed the counterclaim defendant's motor vehicle more closely than was reasonable and prudent;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

d.  he was operating said motor vehicle at an unreasonable rate of speed having due regard for the traffic, weather, width and use of the highway or road and the intersection of streets;

e.  he was inattentive and failed to keep a proper and reasonable look out for other motor vehicles upon the roadway;

f.  he failed to keep his vehicle under proper and reasonable control;

g.  he failed to apply his brakes and/or slow down his vehicle in time to avoid a collision although by a proper and reasonable exercise of his faculties, he could and should have done so;

h.  he failed to turn his vehicle to the left or the right so as to avoid the collision although by a proper and reasonable exercise of his faculties, he could and should have done so;

i.  he failed to sound his horn, or give a timely warning or any other warning of the impending collision;

j.  he failed to properly apply his brakes to avoid accident, although by proper and reasonable exercise of his faculties, he could and should have done so.

Connecticut General Statute § 52-572h

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

REQUEST TO CHARGE NO. 3
CONSIDERING COMPARATIVE NEGLIGENCE

The question of the comparative negligence of the counterclaim plaintiff is not to be considered at all unless you first conclude that (1) there is evidence to justify a finding of some negligence on the part of James Shaw; and (2) James Shaw's negligence was a substantial factor in causing the accident.

Acampora v. Asselin, 179 Conn. 425 (1980)

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST TO CHARGE NO. 4
## REDUCTION OF AWARD IF JURY FINDS COMPARATIVE NEGLIGENCE

If you conclude that the counterclaim plaintiff, Guy Blais, was negligent, but that his negligence was less than or equal to that of James Shaw, then you must reduce the amount of the counterclaim plaintiff's full damages by whatever percentage of negligence you have attributed to him, up to fifty percent (50%). However, you may only reach this question of reduction in damages if the counterclaim plaintiff, Guy Blais', negligence is less than or equal to the negligence found on the part of James Shaw. The counterclaim plaintiff is not entitled to recover damages if his negligence was greater than the negligence proven against James Shaw.

Conn. Gen. Stat. § 52-572h

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST TO CHARGE NO. 5
## SUDDEN EMERGENCY

As previously stated, negligence is the failure to exercise reasonable care under all of the circumstances presented. One of the circumstances for you to consider in this case is whether a sudden emergency situation existed. The existence of a sudden emergency is a factor to be considered in the evaluation of whether James Shaw acted as a reasonable person under the circumstances. An individual, choosing a course of action in an emergency, is required to exercise the care of an ordinarily prudent person acting in such an emergency.

You are to consider the evidence in this case to determine whether an emergency situation existed. If you find that an emergency existed which was not caused by the conduct of Mr. Shaw and that, as a result of the emergency, Mr. Shaw chose a course of a reasonably prudent person would have done under the circumstances, then Mr. Shaw's conduct would not be negligent. However, if you find that the counterclaim plaintiff's injuries resulted from the conduct of Mr. Shaw and that either an emergency did not exist, or the emergency situation was caused by Mr. Shaw's own conduct, or that Mr. Shaw, in the face of an emergency failed to act as a reasonably prudent person would have done under the circumstances, then Mr. Shaw would be negligent.

Mei, Adm. v. Alterman Transport Lines, Inc., 159 Conn. 307, 310-312 (1970);

Miller v. Porter, 156 Conn. 466, 469-70 (1968);

Puza v. Hamway, 123 Conn. 205, 213 (1937).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

REQUEST TO CHARGE NO. 6
BURDEN OF PROOF AFFIRMATIVE DEFENSES

James Shaw has the burden of proving the allegations of its affirmative defenses to you. However, I want to caution you that you need consider none of the affirmative defenses unless the counterclaim plaintiff has first proven each and every allegation of his counterclaim to you. If you are satisfied that the counterclaim plaintiff has proven the allegations of his counterclaim to you, then you may go on to consider the allegations of Mr. Shaw's affirmative defenses.

DuBose v. Carabetta, 161 Conn. 254, 262 (1971).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST TO CHARGE NO. 7
## AFFIRMATIVE DEFENSE - NOT AN ADMISSION OF LIABILITY

In this case, James Shaw has denied liability for the counterclaim plaintiff's injuries and has asserted two (2) affirmative defenses. These affirmative defenses are not admissions of liability, for that would contradict Mr. Shaw's answer. Rather, the affirmative defenses assert facts which are consistent with the counterclaim plaintiff's allegations, but, if proven, tend to show that the counterclaim plaintiff has no cause of action.

> Harrington v. Education Management Corp., 2002 WL 1009463 (S.D.N.Y)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST TO CHARGE NO. 8
## DAMAGES

It is the counterclaim plaintiff's burden to prove each element, item and amount of damages, not James Shaw's burden to disprove them.

<div style="text-align: right;">

Sickmund v. The Connecticut Co., 122 Conn. 375, 379 (1937);

Boland v. Vanderbilt, 140 Conn. 520,

Johnson v. Toscano, 144 Conn. 582, 592 (1957).

</div>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

REQUEST TO CHARGE NO. 9
DAMAGES
===

I have instructed you that you are not to consider the question of damages unless you find that James Shaw was at fault legally.  Since damages are claimed and some evidence has been introduced concerning damages, it is my duty to instruct you as to the law of damages.  You are not, however, to infer that simply because I instruct you as to the law of damages, you must consider the question.  If you find that James Shaw is not liable, you may not consider damages and must return a verdict for him.

The burden of proof on the issue of damages is upon the counterclaim plaintiff, just as it is upon all of the other issues of the counterclaim, and, as to this element, you cannot engage in speculation, conjecture, surmise or guesswork.

To be entitled to damages, the counterclaim plaintiff must establish a causal relationship between the claimed negligence of James Shaw and his claimed injuries.

> Lander v. Persky, 85 Conn. 429 (1912);
>
> Doeltz v. Longshore, Inc., 126 Conn. 597 (1940);
>
> Magarian v. Bessoni, 160 Conn. 442 (1971).

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The fundamental and cardinal rule in principle as to damages is that the amount awarded shall be just, fair and reasonable compensation, no more and no less for pain and suffering, disability, and loss suffered, if any, as a direct proximate result or consequence of a defendant's actions.  If damages are awarded, they should be awarded for injuries that have been suffered and not by way of punishment or by way of sympathy.

Any damages which you may award must be fair, reasonable and just with respect to all parties involved.  There is no fixed rule which you can apply, however, you must rely upon sound, common sense in reaching the amount of your verdict.

><u>Kiniry v. Danbury Hospital</u>, 183 Conn. 448 (1981).

Before you can award money damages for any particular suffering, disability or medical expense, the counterclaim plaintiff must prove, by a fair preponderance of the evidence, through competent medical testimony which you see fit to believe, that the particular suffering, disability or medical expense was caused by this incident.  This basic principle of law means that medical expert opinion evidence is essential to prove, with reasonable medical probability, any claimed causal relation between any particular injury or disability and whatever incident might result in the counterclaim defendant's liability for money damages.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<p style="margin-left: 50%;">Boland v. Vanderbilt, 140 Conn. 520, 525 (1953);</p>

<p style="margin-left: 50%;">Johnson v. Toscano, 144 Conn. 582, 592 (1957).</p>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

REQUEST TO CHARGE NO. 10
APPORTIONMENT OF DAMAGES
===

The counterclaim plaintiff also sued Arold Michel, Marie Richemond, Pierre Loiselle, Rose Lyne LeClerc and Rose Lyne LeClerc d/b/a/ Rosy Express in this action. The counterclaim plaintiff no longer has claims pending against these individuals and entities, however,   You may, and in fact you must, still consider whether these individuals and entities were negligent in relation to the accident.  If you find that any or all of these individuals or entities were negligent and that that negligence was a legal cause of the counterclaim plaintiffs' injuries, then you must equitably apportion, or divide, fault for the incident between them and James Shaw, if you also find him negligent.  The reason for this apportionment is that each defendant should only be held responsible for that percentage of the harm which is his fault.  In apportioning fault between the defendants, you are to affix the percentage of responsibility attributable to each defendant in proportion to how much the fault of each contributed to the incident.  When added together, the percentages of fault which you assign to Arold Michel, Marie Richemond, Pierre Loiselle, Rose Lyne LeClerc, Rose Lyne LeClerc d/b/a/ Rosy Express, James Shaw and Guy Blais (if you find him contributorily negligent), respectively, should total one hundred percent.  In making this apportionment, you should take into account the circumstances of this incident and how the counterclaim plaintiff's injuries occurred.  You should also take into account the differences with regard to the level of fault with which each defendant acted.  Finally, it is possible to apportion liability between some, but not all of the defendants if you conclude that one or more of the defendants were not liable at all.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Bhinder v. Sun Co.</u>, 246 Conn. 223, 238-42, 717 A.2d 202 (1998);

<u>Kyrtatas v. Stop & Shop,</u> 205 Conn. 694, 535 A.2d 357 (1988).

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST TO CHARGE NO. 11
### EXPERT OPINION

The Rules of Evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact and issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight, as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

<u>Pattern Jury Instructions</u>, Civil Cases,
U.S. 5th Cir., <u>District Judges Association</u> at 10.

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## REQUEST TO CHARGE NO. 12
## JUDICIAL NOTICE

You may have observed that exhibits, namely the counterclaim plaintiff's answer to the originating complaint in this action in his capacity as a defendant, his responses to interrogatories and production requests and the answers to the originating complaint filed on behalf of Arold Michel, Marie Richemond, Pierre Loiselle, Rose Lyne LeClerc and Rose Lyne LeClerc d/b/a Rosy Express, were received as part of the evidence after the court was asked to take what is called "judicial notice" of it. The effect of my having taken judicial notice of these documents is that you are to treat the existence of these documents and the existence of the claims and admissions stated therein as established without proof of these facts being presented to you.

State v. Zayas, 195 Conn. 611, 613-15 (1985).

656248.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105