UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW | : | CIVIL ACTION |
| | | NO. 3:02-cv-1234-DJS |
| V. | : | |
| AROLD MICHEL, ET AL. | : | MARCH 10, 2005 |

**OBJECTION TO MOTION TO PERMIT ADDITIONAL EXPERT DISCLOSURE AND DISCLOSURE OF EXPERT WITNESS**

I.   **FACTUAL AND PROCEDURAL HISTORY**

This negligence action arises from a multivehicle motor vehicle collision which occurred on July 20, 2000 in Greenwich, Connecticut. This action was initiated by James Shaw ("Shaw") against several defendants, including Guy Blais ("Blais")[1]. In response, Blais counterclaimed against Shaw, alleging that Shaw was negligent in causing the collision and that Blais suffered significant injuries as a result.[2] Blais' counterclaim has been pending since October 16, 2002.

On November 6, 2002, this Court issued an order that all discovery relating to expert witnesses be completed on **April 18, 2003**. Despite this order, the counterclaim plaintiff filed a motion for leave to disclose experts nunc pro tunc on **September 17, 2003**, four months after the date for disclosure had expired. The counterclaim plaintiff argued that this admittedly late disclosure was not prejudicial because the proposed experts were all "treating physicians" whose testimony would simply conform to records which had allegedly already been provided to Mr. Shaw.

---

[1] Blais is a French speaking Canadian. He was initially treated in Connecticut immediately following the collision. The majority of his treatment, however, has been and apparently continues to be in Canada.
[2] Shaw's first party action has since resolved and the only claim remaining is that of Blais against Shaw.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

This motion was granted, over objection, and the counterclaim plaintiff was permitted to disclose Dr. Russell Cavallo, Dr. Douglas Smego and Dr. Claude Roberge as experts to testify as to his alleged injuries and treatment. Doctors Cavallo and Smego are Connecticut physicians who treated the counterclaim plaintiff during his hospitalization at Stamford Hospital. Dr. Roberge is the counterclaim plaintiff's primary care physician and he resides and practices in Canada.

Thereafter, several issues arose with respect to the counterclaim plaintiff's failure to comply with discovery, in large part due to his failure to provide treatment records and bills relating to treatment in Canada. As a result of these issues, Shaw was forced to file a motion to compel relating to the counterclaim plaintiff's failure to comply with discovery on October 16, 2003. This motion was granted on January 16, 2004. Shaw was then forced to file a second motion to compel on March 3, 2004 for additional failure to comply with discovery. Finally, Shaw was forced to file a motion for sanctions on April 7, 2004 relating to the counterclaim plaintiff's failure to comply with this court's January 16, 2004 order.

As a result of the latter motions, this Court scheduled a telephone status conference in an effort to resolve the discovery issues. During that conference in April, 2004, the undersigned advised the Court that the counterclaim plaintiff simply had not provided sufficient responses to certain interrogatories and had not provided all of his records relating to his treatment in Canada. The counterclaim plaintiff was ordered to comply within seven days of the conference. This compliance was to take the form of proper written responses to the interrogatories at issue, and the production of the missing records and/or a medical authorization to allow the counterclaim defendant to procure same. Failure to comply as ordered was to result in the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

counterclaim plaintiff's preclusion from presentation of the missing evidence at trial. In addition, this court issued a new scheduling order which extended discovery deadlines to September 24, 2004.

The counterclaim plaintiff did not abide by this Court's order in that no proper responses, records or authorizations were provided within seven days. Rather, the counterclaim plaintiff waited until August 11, 2004 to provide the undersigned with a written authorization to obtain records, and to date he has not provided proper written responses to the particular interrogatories at issue. As a result, the undersigned was forced to file a motion to enlarge the scheduling order which was granted. Discovery deadlines were extended one last time until December 20, 2004 and this case was to be trial ready in March, 2005.

The undersigned was able to procure certain records from Canada by way of the authorization. The counterclaim plaintiff has also provided certain Canadian records, although most have been provided in the French language. In fact, the only records from Canada that the counterclaim plaintiff provided to the undersigned in translated form were those of Dr. Roberge. The bulk of the records, therefore, remain in French.[3]

Under the date of February 15, 2005, the counterclaim plaintiff filed a motion to permit additional expert disclosure and a disclosure of expert witness. Specifically, although his two submissions are somewhat contradictory in nature, it appears that he is seeking to have Dr. Patrick Carolan (a Bridgeport, Connecticut-based orthopedic surgeon who has never treated him) summarize all of his treatment to the jury. He seeks to do this in lieu of presenting the live testimony of his physicians, some of whom have been disclosed as experts, and/or submitting

---

[3] But for those from Dr. Boileau. Counsel for Shaw translated these at their expense because of the necessity to the defense in this case.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

their records at trial.  This proffer is improper in that it presents a myriad of evidentiary problems, it was filed well beyond the extended discovery deadlines in this case, and to allow it would be patently unfair to Mr. Shaw, whose case has long been prepared in accordance with this Court's order.

## II.     LAW AND ARGUMENT

Our rules of practice necessarily recognize the difference between a medical expert and a treating physician.  <u>See</u> <u>generally</u> Rule 26 (a)(2)(B) (and commentary).  "Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial.  A treating physician's testimony, however, is based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources."  <u>Mangla v. University of Rochester, et al</u>., 168 F.R.D. 137 (W.D.N.Y. 1996).  Here, the counterclaim plaintiff is seeking to present one live expert to summarize and comment upon the reports of all of his treating physicians as he understands them.  In doing so, he supposedly will not offer his own opinions but will instead convey those of the treating physicians, as he understands them.  <u>But</u> <u>compare</u> Motion to Permit Additional Expert Disclosure ("Dr. Carolan will not provide his own independent opinion regarding the percentage of disability or the limitations of the plaintiff, but will only provide medical testimony as to the treatment provided to and recommendations for the plaintiff . . . .") with  Disclosure of Expert Witness (stating that Dr. Carolan is expected to offer opinions and "can be expected to testify concerning causation, prognosis, diagnosis, history, symptomatology, temporary and/or permanent injury and the need for any future treatment.")  This is wholly improper and unnecessary.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### A. The Proffered Testimony is Improper

The counterclaim plaintiff's proffer is improper in that it presents a myriad of evidentiary problems and would serve to prejudice Mr. Shaw.

First, as demonstrated above, the counterclaim plaintiff has been dilatory at best with respect to his discovery obligations in this case. It is axiomatic that he has the burden of proving his damages at trial. Along these lines, he has been obligated to provide or make available all of his medical records and reports as requested through discovery. In fact, he was specifically admonished during the April, 2004 telephone conference that failure to do so would result in preclusion at trial.

Although the counterclaim plaintiff ultimately provided an authorization in lieu of records (four months late), this simply is not sufficient in this matter. It is undisputed that the majority of the counterclaim plaintiff's medical records are in French. Counsel for Shaw do not read or speak French and it is unlikely that a jury will either. Thus, to the extent the counterclaim plaintiff sought to prove his damages through use of Canadian medical records or reports, he should have had them translated and provided to the undersigned for review and analysis. Instead, the only translated records he provided to the undersigned were those of Dr. Roberge.[4] He should therefore be limited to use of these Canadian records and reports at trial. To allow

---

[4] At one point, the undersigned had discussions with the counterclaim plaintiff's counsel regarding a "joint effort" at translating the records. In fact, counterclaim plaintiff's counsel went so far as to identify a possible translator and to suggest that attempts be made at identifying specific documents for translation, as opposed to bearing the expense of translating all of the documents. The undersigned were initially amenable to this proposal and requested counterclaim plaintiff's counsel obtain quotations to be passed along to their client for approval. Counterclaim plaintiff's counsel never did so. Thus, after receiving a quotation for $30,000 from another vendor, the undersigned had select documents translated at their expense. It bears noting that there was absolutely no difficulty in having these documents translated. The counterclaim plaintiff could easily have done so, particularly when he had already identified someone to do the job.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

otherwise would undermine the rules of fair disclosure which are designed to facilitate trial proceedings and to make a "trial less a game of blindman's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Proctor & Gamble, 356 U.S. 677, 682 (1958) (citations omitted).

It is against this backdrop that Dr. Carolan's proffer must be viewed. According to the disclosure of expert witness, "Dr. Carolan will base his testimony regarding the nature and extent of the plaintiff's injuries and subsequent treatment upon his review of all medical records from the plaintiff's treatment in Connecticut and Canada . . . ." His testimony, therefore, will be based on information which was requested from the counterclaim plaintiff but never provided. The counterclaim plaintiff should not be allowed to circumvent his discovery obligations by providing expert testimony based largely on information not furnished. Indeed, the counterclaim defendant has indicated that he will object to the admission and/or use of any Canadian records or reports which were not provided in translated form. See 2/24/05 Joint Trial Management Report.

Second, Dr. Carolan is apparently being offered to advise the jury as to the conclusions, diagnoses and opinions of the counterclaim plaintiff's treating physicians in live form. In other words, he will read the reports and tell the jury what they say. To the extent this takes the form of anything more than reading the reports into the record, this is improper because he will no doubt be editorializing and providing his interpretations of what the records say. This presents a real problem with respect to accuracy and fairness. While his interpretations may be tested on cross examination, there is simply no way to explore certain critical issues that would fairly be explored with the actual treating physicians.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

For example, with the live treating physicians on the stand, Mr. Shaw would be permitted to inquire as to statements received during the course of treatment, observations of the counterclaim plaintiff during the course of treatment, whether there was a communication problem/language barrier during the course of treatment and whether other critical information about the counterclaim plaintiff, if known by the treating physician, would have impacted or changed the diagnosis. Such relevant, pertinent lines of inquiry would be impossible with Dr. Carolan on the stand as he simply would have no information on which to respond beyond that which is in the records.

The fact that Mr. Shaw would not have this ability if the reports were simply admitted into evidence without any live testimony does not change this analysis. If live testimony is offered, it should be from the actual physicians who treated the counterclaim plaintiff, not from one who is providing a summary and/or his own analysis, so as to allow for fair cross examination. Alternatively, the reports and records of the counterclaim plaintiff's treatment, to the extent they are admissible, should be used.

Third, the subject matter of Dr. Carolan's proposed testimony will also apparently include the need for any future medical care and the estimated cost thereof. This is problematic in many respects. The counterclaim plaintiff resides in and will be treated in Canada in the future. The counterclaim plaintiff has never provided any bills related to his treatment in Canada. In fact, upon being pressed on the issue, he advised counsel and the Court that he would not be making any claims relating to the cost of his treatment in Canada because, due to Canada's socialized health care system, bills as we know them are simply not generated. Thus,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

any evidence regarding cost of treatment rendered in Canada and cost of future treatment should be precluded.

Finally, Dr. Carolan practices in Bridgeport, Connecticut. All of his training and experience has been in America. <u>See</u> Dr. Carolan's curriculum vitae (attached to counterclaim plaintiff's submission). His affiliations are largely, if not all, American-based. <u>Id</u>. In fact, his CV is silent with respect to any Canadian experience or affiliations. Thus, even if the counterclaim plaintiff had not abandoned his claims relating to the expense of Canadian treatment, Dr. Carolan would not have the expertise to offer testimony in this regard.

Thus, for the foregoing reasons, the proffer of Dr. Carolan is improper and should not be allowed.

### B. The Proffered Testimony is Unnecessary

The counterclaim plaintiff suggests that this improper attempt to put expert testimony before the jury is necessary "[d]ue to the difficulty involved in bringing this vital and critical testimony before the jury through either original reports or testimony of doctors who only speak French or are located in Canada . . . ." He has not demonstrated, however, nor can he demonstrate, this alleged difficulty. First, Dr. Cavallo and Dr. Smego, both treating physicians who have been disclosed as experts, are local, English-speaking practitioners whose treatment was rendered at Stamford Hospital. Thus, they can be called as live witnesses at trial or, alternatively, their original reports may be entered into evidence.[5]

Second, according to the counterclaim plaintiff's proffered disclosure, Dr. Carolan will base his testimony on his review of "<u>all</u> medical records from the plaintiff's treatment in

---

[5] It bears noting that the counterclaim plaintiff could have also procured their testimony by way of video tape for use at trial and apparently elected not to do so. In fact, the counterclaim plaintiff could have procured videotaped testimony of all of his doctors for use at trial and he did not.

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Connecticut and Canada." Unless Dr. Carolan is fluent in French, this suggests that the reports from Canada are available in English and are thus available for attempted admission into evidence. Even if Dr. Carolan is fluent in French, the counterclaim plaintiff obviously has had the option to have the Canadian reports translated into English and notarized accordingly for use at trial. Indeed, it has been his obligation to do so.

Third, the fact that some of the Canadian doctors may only speak French is certainly not prohibitive to their testifying. Their opinions, whether through written reports or live testimony, could easily have been procured with the assistance of an interpreter.

Thus, there is no need to deviate from the routine and recognized practice of presenting live medical testimony or submitting medical reports in lieu of same at trial.

**C.      The Proffer is Procedurally Deficient**

Federal Rule 26(a)(2)(B) governs the disclosure of experts retained in anticipation of litigation. This rule specifically provides that:

> Except as otherwise stipulated or directed by the Court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The proffered disclosure of Dr. Carolan as an expert witness does not comply with this rule in that the counterclaim plaintiff has not provided the necessary report and supporting

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

documentation. This documentation, particularly at this late date and because of the unusual fact that records from another country and in another language are an integral part of the proffer, is critically important. Without it, neither the undersigned nor this Court can fully evaluate the proffer.

**D.** **The Proffered Expert Disclosure Has Been Filed on the Eve of Trial, Well After the Expiration of the Scheduling Deadlines**

Finally, the counterclaim plaintiff's proffer of an additional damages expert on the eve of trial, particularly when his counterclaim has been pending since October, 2002, is inexcusably untimely. The discovery deadlines in this case have been extended on two occasions and the counterclaim plaintiff has already been permitted one violative disclosure. He now asks for another exception, despite the fact that discovery was to be concluded by December 20, 2004. He should not be allowed to do so.

It is fair to characterize the counterclaim plaintiff's recent proffer as an attempt to modify the scheduling order on the eve of trial. D. Conn. L. Civ. R. 11(b) governs such attempts and specifically states that:

> The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause. The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan.

The counterclaim plaintiff has simply not met this standard. Indeed, his February 15, 2005 fiings are completely silent with respect to any explanation for his failure to disclose Dr. Carolan in a timely fashion, let alone a "particularized showing that the schedule cannot reasonably be met." Because the relevant scheduling deadlines have long since expired, and the counterclaim

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

plaintiff has known about his burden of proof since he initiated this claim, it is reasonable to conclude that this particularized showing just cannot, in good faith, be made.  To be sure, this is not a situation wherein a motion has been filed just prior to or even just after the expiration of the discovery deadlines.  This is, instead, a situation wherein a motion to disclose an expert is being made on the eve of trial.  Making Dr. Carolan available for a deposition simply does not cure this, as Mr. Shaw has abided by the scheduling order and is prepared for trial.  He should not now have to incur the extra expense and invest the time associated with an unanticipated deposition, particularly when the counterclaim plaintiff himself has had years to depose his actual treating physicians and has opted not to do so.  This is, therefore, not a situation wherein modification is warranted under Rule 11(b).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III.    CONCLUSION

**WHEREFORE,** for the foregoing reasons, the counterclaim plaintiff should not be allowed to disclose Dr. Carolan as an expert to testify at trial.

**THE COUNTERCLAIM DEFENDANT:
JAMES SHAW**

By_____
Mark T. Altermatt of
HALLORAN & SAGE LLP
Fed. Bar #ct 08920
Laura Pascale Zaino of
HALLORAN & SAGE LLP
Fed. Bar #ct 19353
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 12 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 10th day of March, 2005, I hereby mailed a copy of the foregoing to:

Arthur C. Laske, III
1261 Post Road
Fairfield, CT 06430

Joel M. Fain, Esq.
Rosemarie T. Weber, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103

Daniel H. Cotter, Esq.
Cotter, Cotter & Quinn
457 Castle Ave.
Fairfield, CT 06825

                                                          Mark T. Altermatt
                                                          Laura Pascale Zaino

656988_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105