UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES SHAW, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:02CV1234(DFM) |
| AROLD MICHEL, ET AL., | : | |
| Defendant. | : | |

<u>PRETRIAL ORDER</u>

Pursuant to a status conference held on May 12, 2005, at which the counterclaim plaintiff Guy Blais was represented by Attorney Laske and the counterclaim defendant James Shaw was represented by Attorney Altermatt, it is hereby ORDERED that:

(1) Jury selection shall be held on **Thursday, October 6, 2005** at 10:00 a.m. Presentation of the evidence will begin on Tuesday, October 18, 2005.

(2) Counsel estimate that the trial will require 4 trial days. Accordingly, the court has set aside **October 18, 2005 to October 21, 2005** for trial.

During the trial, the court will attempt to adhere to following daily schedule:

| | |
|---|---|
| 9:30 a.m.: | All trial participants in the courtroom ready to proceed. Court will hear any necessary legal arguments. |
| 10:00 a.m.: | Presentation of evidence begins |
| 11:15 a.m.: | Morning recess |
| 11:30 a.m.: | Trial resumes |

       1:00 p.m.:    Luncheon recess

       2:00 p.m.:    Trial resumes

       3:30 p.m.:    Afternoon recess

       3:45 p.m.:    Trial resumes

       5:00 p.m.:    Court adjourns

(3) A final pretrial conference shall be held in the chambers of the undersigned on **October 6, 2005** at 2:15 p.m. Counsel who will try the case must attend jury selection and the final pretrial conference unless excused by the Court.

(4) By **September 6, 2005,** the parties shall file a Supplemental Joint Trial Memorandum. Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case. The Supplemental Joint Trial Memorandum shall include:

    a. <u>Other parties</u>: A description of the procedural, factual and legal issues regarding counterclaim defendant James Shaw's claims as to parties with whom counterclaim plaintiff Guy Blais has settled. The parties shall include proposals regarding the manner in which these claims should be handled and the participation of counsel for these parties at trial.

    b. <u>Witnesses</u>: See Paragraph 10 of the Standing Order. Each party shall set forth the name and address of each witness to be called at trial with a brief statement of the anticipated testimony. For witnesses expected to testify by deposition, see

paragraph 12 of District of Connecticut's Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"). For any expert witness, each party shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection and its grounds shall be set forth in the Supplemental Joint Trial Memorandum so that the objection can be addressed prior to trial.

    c. <u>Exhibits</u>: Each party shall list in the Supplemental Joint Trial Memorandum the exhibits it intends to offer at trial. The plaintiff's exhibits and the defendant's exhibits shall be listed separately. A description of the exhibit shall be included. The list shall indicate whether the parties agree that the exhibit may be admitted as evidence. If there is an objection to an exhibit, the proponent of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

    The parties shall exchange exhibits at least 10 days prior to the final pretrial conference. At least 5 days prior to the final pretrial conference, each party shall submit to the court an exhibit list. The exhibit list shall denote the exhibit number,

a brief description of the exhibit and shall indicate whether the parties agree that a particular exhibit should be admitted as evidence without objection.  Two courtesy copies of the exhibit list shall be provided to the court and one copy shall be delivered to the courtroom deputy clerk.  **Prior to the final pretrial conference, each party shall mark its exhibits with exhibit stickers (which are available upon request from the courtroom deputy clerk).**  All exhibits shall be marked numerically and say "Plaintiff" or "Defendant."  If there is more than one plaintiff or defendant, the exhibits shall identify the party offering the exhibit (e.g., Defendant Smith, Exhibit #1).  If the same exhibit is offered by more than one party, the parties shall mark only one of the exhibit by placing their respective exhibit stickers on the one exhibit (e.g., two exhibit stickers on one document: Plaintiff Jones, Exhibit #2; Defendant Smith Exhibit #5).  **The parties shall bring a copy of their exhibits to the final pretrial conference along with a copy of their exhibit list.**  Each party shall prepare <u>two</u> courtesy copies of its documentary exhibits for the court's use during the hearing.  The courtesy copies shall be arranged in order in a notebook with tabs bearing the exhibit number.  Counsel shall retain the original set of exhibits until the beginning of trial.

      d.  <u>Requests for Jury Instructions</u>:  The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions to be included in the Supplemental Joint Trial

Memorandum. The proposed jury instructions should encompass all applicable rules of law. Citations to rules and authority should be provided in footnotes. If the parties cannot agree on a particular instruction, each party submit a proposed instruction in the joint filing, noting which party has proposed the instruction, along with a brief explanation of its position and citation to applicable authority. The parties are not required to submit instructions on general issues such as role of the court, role of the jury, witness credibility, etc. Counsel shall submit to chambers a courtesy copy of the proposed jury instructions.

  e. <u>Anticipated Evidentiary Problems</u>: See Paragraph 14 of the Standing Order. The parties shall meet and confer in a good faith effort among themselves to resolve or reduce their differences regarding evidentiary issues prior to seeking court intervention. Any party who elects to file a <u>Daubert</u> motion or <u>in limine</u> shall file the motion and supporting memorandum of law by no later than **July 18, 2005**. The moving party shall set forth with specificity what the party seeks to exclude, the legal basis thereof and the position of the opposing party.

  f. <u>Special Verdict Form or Interrogatories</u>: In jury cases, the parties shall submit as an exhibit to the Supplemental Joint Trial Memorandum a proposed verdict form suitable for submission to the jury. The form may require the jury to return a special verdict with special findings as permitted by Rule 49(a) or

a general verdict with or without written interrogatories as permitted by Rule 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for its objection and provide an alternative proposal.

(5) The dates set forth in this order may not be changed except by further order of the court pursuant to a written motion demonstrating good cause filed not later than five days before the date in question.

(6) A courtesy copy of the Supplemental Joint Trial Memorandum shall be submitted to chambers on the day that it is filed.

SO ORDERED this 13th day of May, 2005 at Hartford, Connecticut.

_____
Donna F. Martinez
United States Magistrate Judge